Alphonso TAYLOR, Appellant,

v.

UNITED STATES, Appellee.

No. 85–559.

District of Columbia Court of Appeals.

Argued Jan. 14, 1986.

Decided April 23, 1986.

Neal E. Kravitz, Public Defender Service, with whom James Klein and Jennifer P. Lyman, Public Defender Service, Washington, D.C., were on brief, for appellant.

Ann K.H. Simon, Asst. U.S. Atty., with whom Joseph E. diGenova, U.S. Atty., and Michael W. Farrell, Asst. U.S. Atty., Washington, D.C., were on brief, for appellee.

Before PRYOR, Chief Judge, and BELSON and STEADMAN, Associate Judges.

BELSON, Associate Judge:

During the course of a robbery, appellant shot one of his robbery victims. Appellant was convicted of both the armed robbery of his victim, D.C.Code §§ 22–2901, –3202 (1981), and assault with intent to kill while armed, *id.* §§ 22–501, –3202. The trial court imposed separate, consecutive sentences for the two convictions. Appellant moved to vacate these sentences as illegal, contending that merger doctrine forbids, the imposition of these consecutive sentences. We affirm the trial court's denial of that motion.

In *Owens v. United States,* 497 A.2d 1086, 1095 (D.C.1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 861, 88 L.Ed.2d 900 (1986), upon which appellant chiefly relies, we recognized that "by enacting D.C.Code § 23–112 (1981), Congress intended that consecutive sentences be imposed for all offenses which are not the same offense under the test established in *Blockburger v. United States,* 284 U.S. 299 [52 S.Ct. 180, 76 L.Ed. 306] ... (1932), unless the sentencing court expressly states otherwise."[1] The United States Supreme Court has interpreted D.C.Code § 23–112 (1981) in the same manner. *Whalen v. United States,* 445 U.S. 684, 693, 100 S.Ct. 1432, 1438, 63 L.Ed.2d 715 (1980). Our only task, therefore, is to determine whether the two offenses of which appellant stands convict-

---

1. Section 23–112 provides:

   A sentence imposed on a person for conviction of an offense shall, unless the court imposing such sentence expressly provides otherwise, run consecutively to any other sentence imposed on such person for conviction of an offense, whether or not the offense (1) arises out of another transaction, or (2) arises out of the same transaction and requires proof of a fact which the other does not.

ed constitute the same offense in light of *Blockburger*.

Under *Blockburger*, the "rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger*, 284 U.S. at 304, 52 S.Ct. at 182. Appellant was convicted under two distinct statutory provisions, D.C. Code §§ 22–2901 (robbery) and –501 (assault with intent to kill). The robbery statute requires proof of taking something of value from another, a fact which the assault with intent to kill statute does not require. Conversely, the assault with intent to kill statute requires proof of an intent to kill, an element absent from the robbery statute. Thus, each provision under which appellant was convicted "requires proof of a fact which the other does not." *Id.* Because the *Blockburger* test is fully satisfied, we hold that merger doctrine does not bar the imposition of consecutive sentences.

We are strengthened in our conclusion by this court's identical resolution of a factually similar case, *Allen v. United States*, 383 A.2d 363, 368 (D.C.1978) (affirmed consecutive sentences for armed robbery and assault with intent to kill arising out of the same incident). *See also Garris v. United States*, 491 A.2d 511, 514 (D.C.1985) (refers to "the well-established statutory preference in this jurisdiction that consecutive sentences be imposed when an individual is convicted of two or more offenses, even if the convictions arise out of the same act or transaction" (citations omitted)).

Appellant contends that *Owens* casts doubt upon the conclusion we have drawn from a straightforward application of *Blockburger* to this case. In particular, appellant relies on dictum in *Owens* to the effect that an assault committed in order to commit a robbery, as distinct from an assault *following* a completed robbery, is usually not treated as a separate offense.

*Owens*, 497 A.2d at 1096. Appellant argues that he shot his victim in order to complete the robbery, and therefore cannot be convicted of both the assault with intent to kill and armed robbery charges. Appellant had already taken some of the victim's cash prior to the shooting, and took the victim's remaining cash immediately following the shooting.

Assuming arguendo that appellant's shooting of the victim was an integral part of the robbery transaction, the fact remains that appellant invaded a distinct statutory interest when he acted with the intent to kill. Unlike *Owens*, where the gunman was convicted of assault with a deadly weapon, a lesser-included offense of armed robbery, appellant was convicted of assault *with intent to kill*, which is not a lesser-included offense of armed robbery. Consequently, the court's understandable concern in *Owens* about whether the assault charge was chronologically distinct from the armed robbery charge simply is not warranted in this case. Here, the nature of appellant's acts, not their timing, is dispositive.

*Leftwitch v. United States*, 460 A.2d 993, 997 (D.C.1983), upon which appellant relies, held that an assault with a deadly weapon charge merged into an armed robbery charge because the former was a lesser-included offense. Therefore *Leftwich* is inapposite for the same reason that *Owens* is inapposite.

Having considered appellant's arguments, we perceive no reason to disturb the trial court's denial of appellant's motion to vacate the separate, consecutive sentences imposed for the distinct offenses committed.

*Affirmed.*