**George FLOYD, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 86–1222.

District of Columbia Court of Appeals.

Submitted Jan. 12, 1988.
Decided March 7, 1988.

Walter S. Booth, Washington, D.C., appointed by this court, filed a brief, for appellant.

Joseph E. diGenova, U.S. Atty., and Michael W. Farrell, Linda T. Hamilton, Elizabeth Trosman and Susan A. Nellor, Asst. U.S. Attys., Washington, D.C., filed a brief, for appellee.

Before FERREN and STEADMAN, Associate Judges, and REILLY, Senior Judge.

STEADMAN, Associate Judge:

On December 12, 1984, appellant pled guilty to one count of robbery, D.C.Code § 22–2901 (1981), and one count of assault with a deadly weapon, D.C.Code § 22–502 (1981), in a plea bargain with the government. He was sentenced to serve consecutive terms of eighteen months to five years for robbery, and one to three years for assault with a dangerous weapon. Four months thereafter, appellant filed a "Motion to Correct Unconstitutional and Excessive Sentence." He appeals from a denial of that motion. He asserts on appeal that these separate sentences violate the Double Jeopardy Clause of the Fifth Amendment.[1] We disagree and affirm.

At the plea proceedings, the government proffered that the evidence would have shown that appellant entered the bedroom of one Stephen Fulks in the early morning hours of October 22, 1983. Appellant grabbed Fulks around his head and threw him to the bed, punching him in the face and side. Appellant continued to beat Fulks, throwing a blanket over Fulks's head as he punched him. When Fulks fell to the floor, appellant kicked him, and grabbed his neck and choked him. Appellant picked up a beer bottle and struck Fulks forcefully on the head, breaking the bottle and rendering Fulks unconscious. When Fulks awoke, his wallet and keys were missing. The court then addressed appellant, who stated that the government's proffer was correct, that he had assaulted Fulks with a dangerous weapon, and robbed him.

We begin with the familiar test set forth in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), to determine whether the imposition of the separate sentences here was constitutional and in accord with legislative intent:

> The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offences or only one, is whether each provision requires proof of a fact which the other does not.

*Id.* at 304, 52 S.Ct. at 182 (citation omitted). *See, e.g., Waller v. United States*, 531 A.2d 994 (D.C.1987).[2]

The two statutes in question here clearly satisfy the *Blockburger* criterion. The taking of property from another, an element not required to prove assault with a dangerous weapon, is required to prove robbery. Conversely, assault with a dangerous weapon requires the use of a dangerous weapon, which is not an element of robbery. *See* Criminal Jury Instructions for the District of Columbia, Nos. 4.61 & 4.12 (3d ed. 1978); *accord, United States v. Suggs*, 269 F.Supp. 732 (D.D.C.1967) (Sirica, J.). As further evidence of the intent to

---

1. In light of our disposition of this appeal, we need not address the issue, alluded to by the government, whether by pleading guilty to both counts appellant has waived his right to assert a double jeopardy claim.

2. We assume for present purposes that we are dealing with a single "transaction," rather than distinct events. *Cf. e.g., Logan v. United States*, 460 A.2d 34 (D.C.1983).

permit multiple punishment here, we note also that the two statutory provisions carry different penalties and protect, at least in part, separate and distinct societal interests. *See, e.g., Wilson v. United States*, 528 A.2d 876, 880 (D.C.1987) (assault with intent to kill and malicious disfigurement). Finally, focusing on the facts of this particular case, it is plain that no merger occurred. Conviction on the beer bottle assault required proof of an element, the presence of a deadly weapon, wholly unnecessary to meet the "force or violence" or "putting in fear" element of the robbery of Fulks's wallet and keys. *See* Criminal Jury Instruction 4.61, *supra; cf. Kingsbury v. United States*, 537 A.2d 208 (D.C.1988) (merger occurs where unauthorized use of a motor vehicle serves as the nonconsensual asportation element of armed robbery count). Indeed, appellant's other repeated manhandling of Fulks was quite sufficient to serve as the basis for that element of the robbery conviction. *See generally Taylor v. United States*, 508 A.2d 99 (D.C. 1986) (merger doctrine does not forbid imposition of separate sentences for conviction of armed robbery and assault with intent to kill while armed arising out of the same transaction).

*Affirmed.*