Sheila A. NORRIS, Appellant,

v.

UNITED STATES, Appellee.

No. 88–1334.

District of Columbia Court of Appeals.

Argued May 30, 1990.
Decided Jan. 31, 1991.
As Modified Feb. 26, 1991.

Elizabeth G. Taylor, Public Defender Service, with whom James Klein, Public Defender Service, was on the brief, Washington, D.C., for appellant.

Cathleen M. Corken, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., and John R. Fisher, Asst. U.S. Atty., were on the brief, Washington, D.C., for appellee.

Before NEWMAN and TERRY, Associate Judges, and MACK, Senior Judge.

MACK, Senior Judge.

Appellant was indicted for offenses growing out of her executed decision to rob a former boyfriend. After a trial by jury, she was convicted of first-degree burglary while armed (intent to steal), D.C.Code §§ 22–1801(a), –3202 (1989 Repl.), first-de-

gree burglary while armed (intent to assault), *id.* §§ 22–1801(a), –3202, armed robbery, *id.* §§ 22–2901, –3202, and first-degree theft, *id.* §§ 22–3811, –3812. She was acquitted of assault with intent to kill, *id.* §§ 22–501, –3202, but found guilty of the lesser-included offense of assault with a dangerous weapon, *id.* §§ 22–501, –3202. Appellant was sentenced to three to nine years on the burglary charges, sentences to run concurrently. She was sentenced to three to nine years on the armed robbery and assault charges and one to three years on the theft conviction. Sentences on these three convictions were to run concurrently with each other and consecutively to the burglary sentences.[1] On appeal, appellant urges that the two burglary convictions merge and that the assault and theft convictions should merge into the armed robbery conviction. In this court, the government concedes that the two burglary convictions merge and that the theft conviction merges with the conviction for armed robbery, and we agree. At the outset, therefore, it is apparent that we must remand to the trial court with instructions to vacate the theft conviction and one burglary conviction and for resentencing. Consequently, we need only address the narrow issue of whether, under the circumstances before us, assault with a dangerous weapon merges with armed robbery.

Late one evening, appellant and an unidentified male companion appeared at the door of the home of her former boyfriend, Herbert Delaney, and sought admittance. Recognizing appellant through the peephole, Delaney opened the door. Once inside the apartment, appellant's companion struck Delaney on the head with a metal pipe, knocking him unconscious. When he regained consciousness, Delaney found himself in his bathtub, his hands and feet tied behind him with electrical cord. Several hours later, Delaney was discovered and taken to the hospital. Upon his return, he found that several items, including his television set, VCR, and stereo equipment, had been stolen. He also discovered a metal pipe in his apartment which had not been there before the robbery. Appellant was identified by Delaney's neighbor as the woman who, on the evening of the robbery, was observed, together with a male companion, carrying various items from the direction of Delaney's apartment.

■ In this court, appellant urges that the separate convictions for assault with a dangerous weapon and armed robbery violate double jeopardy protections.

■ The Double Jeopardy Clause of the Fifth Amendment bars a second prosecution for the same crime and protects against multiple punishments for the same offense. *See North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969). This constitutional guarantee operates to prevent a court from imposing multiple punishments where the legislature has acted to define crimes and fix punishments. *See Brown v. Ohio,* 432 U.S. 161, 165, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1977). Where the intent of Congress is clear, the court may impose multiple punishments for separate statutes arising from a single act without raising constitutional concerns. *See Albernaz v. United States,* 450 U.S. 333, 343–44, 101 S.Ct. 1137, 1144–45, 67 L.Ed.2d 275 (1981). Absent clear legislative intent, in situations "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932).[2] If only one of the statutes

---

1. "In accordance with the suggestion of this court, the trial court properly put off the decision whether appellant's convictions on two or more of the charges merged until after completion of any direct appeal." *See Warrick v. United States,* 528 A.2d 438, 443 n. 6 (D.C.1987).

2. Where the statutes do not provide an answer, we look to D.C.Code § 23–112 (1988 Repl.), which provides as follows:

 A sentence imposed on a person for conviction of an offense shall, unless the court imposing such sentence expressly provides otherwise, run consecutively to any other sentence imposed on such person for conviction

requires an additional element, the *Block-burger* test is not satisfied and the offenses merge.

A clear example of merger, under *Block-burger*, is the merger of a lesser-included offense with the greater offense. By definition, the lesser-included offense does not require proof of any facts not also required to prove the greater offense. *See Sansone v. United States*, 380 U.S. 343, 349, 85 S.Ct. 1004, 1009, 13 L.Ed.2d 882 (1965) ("some of the elements of the crime charged themselves constitute a lesser crime"); *Pendergrast v. United States*, 332 A.2d 919, 924 (D.C.1975) ("consist[s] entirely of some but not all of the elements of the greater offense"); *Fuller v. United States*, 132 U.S.App.D.C. 264, 295, 407 F.2d 1199, 1230 (1968) (en banc) (crime is "necessarily established by the proof of the greater offense"). Under the lesser-included offense theory, we have held, for example, that the underlying felony of robbery necessarily merges with felony murder, *Brown v. United States*, 464 A.2d 120, 126 (D.C.1983), and that assault with a dangerous weapon merges into assault with intent to rape while armed, *Glascoe v. United States*, 514 A.2d 455, 460 (D.C.1986).

In the case before us, a comparison of the elements of each offense reveals that assault with a dangerous weapon requires proof of the same facts as armed robbery (with the exception of the property element). The use of a dangerous weapon is a critical element of both offenses. *See*

Criminal Jury Instructions for the District of Columbia, Nos. 4.61, 4.03 & 4.12 (3d. ed. 1978). Assault is defined as an attempt with force or violence to do injury to a person, plus the ability to do so. *See* D.C. Code § 22–502. An essential element of robbery is that possession of the property is taken by force or violence. Thus, assault with a dangerous weapon is a lesser-included offense of armed robbery because all of the elements of assault with a dangerous weapon are included in armed robbery. *Leftwitch v. United States*, 460 A.2d 993, 997 (D.C.1983); *Harling v. United States*, 460 A.2d 571, 574 (D.C.1983); *Quick v. United States*, 316 A.2d 875, 876 (D.C.1974); *Skinner v. United States*, 310 A.2d 231, 233 (D.C.1973). Put another way, it is impossible to commit armed robbery without first having committed assault with a dangerous weapon. *See Schmuck v. United States*, 489 U.S. 705, 109 S.Ct. 1443, 103 L.Ed.2d 734 (1989).

 We need not limit our analysis, however, to scrutiny of the abstract elements of the offenses charged. Rather, at this point in time, we may look to the facts of each case.[3] *See Arnold v. United States*, 467 A.2d 136, 139 (D.C.1983); *accord Curtis v. United States*, 568 A.2d 1074, 1076 (D.C.1990); *Brake v. United States*, 494 A.2d 646, 650 (D.C.1983). On the evidence in the case before us, proof of the force and violence of the assault with the pipe was a component of the proof necessary for the greater crime of armed robbery.[4]

---

of an offense, whether or not the offense (1) arises out of another transaction, or (2) arises out of the same transaction and requires proof of a fact which the other does not. The Supreme Court has interpreted D.C.Code § 23–112 to incorporate the *Blockburger* rule. *Whalen v. United States*, 445 U.S. 684, 688, 100 S.Ct. 1432, 1435, 63 L.Ed.2d 715 (1980).

**3.** This evidence context analysis, or inherent relationship test has recently come under attack in our jurisdiction. In *Schmuck v. United States*, 489 U.S. 705, 109 S.Ct. 1443, 1450–53, 103 L.Ed.2d 734 (1989), the United States Supreme Court rejected a fact based, inherent relationship analysis and specifically adopted the traditional elements approach. This test compares the elements of the offenses in question and requires a lesser-included offense be such that "it is impossible to commit the greater without

first having committed the lesser." *Schmuck, supra*, 109 S.Ct. at 1452 (citations omitted).

**4.** *The government argues that the assault at the door was greater than necessary to effect the armed robbery and therefore should not be considered part of the armed robbery. It is unclear whether the government means that the degree of force exerted determines merger or that appellant did not have to actually hit the complainant with the pipe to be guilty of armed robbery. This argument is not convincing. Absent intent to kill, the degree of the assault is irrelevant. As long as it was committed for the purpose of effecting the robbery, the assault must merge. Furthermore, although it is true that the actual assault with the pipe was not necessary to prove armed robbery, neither was it necessary to prove assault with a dangerous*

Appellant's position is supported by our decision in *Leftwitch v. United States, supra,* 460 A.2d at 993. In *Leftwitch,* as in the instant case, appellant was charged with armed robbery and assault with intent to kill while armed. After the trial court's instructions on assault with a dangerous weapon as a lesser-included offense of assault with intent to kill while armed, the jury returned convictions for armed robbery and assault with a dangerous weapon. In holding that the assault conviction merged into the armed robbery conviction, the court noted that both offenses arose from the same transaction and the *Blockburger* test applied. *Id.* at 997. In the case at bar, the assault with the steel pipe, the restraint of Mr. Delaney and the removal of objects from the apartment were all part of the same transaction, the armed robbery. Thus, here as in *Leftwitch,* the conviction for assault with a dangerous weapon merges into the conviction for armed robbery.

■ The government reminds us that the rule in *Blockburger* is predicated on a single act from which two or more offenses arise. Thus, assault with a dangerous weapon is a lesser-included offense of armed robbery when the former is committed in order to effect the latter. However, where these two offenses are triggered by separate acts, merger is precluded. In order to separate the charges, the defendant must have completed one crime and have begun another. There must be evidence to show that he reached a decision point, a "fork in the road" leading to a "new impulse," resulting in a different offense. *See Owens v. United States,* 497 A.2d

1086, 1095 (D.C.1985); *(Roy) Irby v. United States,* 129 U.S.App.D.C. 17, 22–23, 390 F.2d 432, 437–38 (1967) (en banc) (Leventhal, J. concurring); *Blockburger v. United States, supra,* 284 U.S. at 303, 52 S.Ct. at 181–82. Thus, in *Owens,* the appellant reached a "fork in the road" when, after the attempted robbery, the victim turned to flee and the "new impulse" that led the defendant to shoot the victim created a separate offense. *Owens, supra,* 497 A.2d at 1097. *See also Bates v. United States,* 327 A.2d 542, 545–47 (D.C.1974); *Dixon v. United States,* 320 A.2d 318, 321 (D.C. 1974).

Specifically, here, the government, relying on the separate acts theory, argues that the assault at the door was committed to effect entry, was "entwined with the burglary charge," and thus constituted an act apart from the armed robbery.[5] We are not persuaded by this argument.

Mr. Delaney testified that he recognized appellant and voluntarily admitted her and her companion to his apartment. At that point the offense of burglary was complete, since forcible entry is not necessary to prove burglary.[6] It is apparent therefore that the assault with the pipe was not committed in order to gain entry. Rather, the assault with the pipe was committed *after* entry to effect the armed robbery. Mr. Delaney was knocked unconscious in an apparent attempt to keep him quiet while appellant and her companion took various items out of the apartment. There was no evidence to show that after attacking Delaney with the pipe appellant reached a "fork in the road" or that the ensuing robbery was the result of a "new

weapon. *Williamson v. United States,* 445 A.2d 975, 978 (D.C.1982).

The government also implies that other assaults occurred once appellant was inside the apartment because Mr. Delaney was tied up and the steel pipe was taken into the apartment. There is no evidence on the record that Mr. Delaney was subsequently beaten with the pipe. If tying him up and placing him in the bathtub constituted an assault, it was also done in order to effect the robbery and must also merge.

5. Because the elements of burglary and assault with a dangerous weapon each require proof of a fact that the other does not, under *Blockbur-*

*ger,* they would not merge and the ADW conviction would stand.

6. The elements of first-degree burglary are:
 1. The defendant broke and entered, *or entered without breaking,* a dwelling or room of another used as a sleeping apartment;
 2. At the time of the entry any part of the dwelling ... was occupied; and
 3. At the time of the entry, the defendant had the specific intent to [commit a criminal offense therein].

Criminal Jury Instructions for the District of Columbia, No. 4.42 (3d ed. 1978).

impulse." *See Owens v. United States, supra,* 497 A.2d at 1095–96. The assault with the pipe was part and parcel of the armed robbery.

Alternatively, the government, seeking comfort from *Taylor v. United States,* 508 A.2d 99 (D.C.1986), argues that assault with a dangerous weapon conviction is a lesser-included offense of the assault with intent to kill while armed and since, under *Blockburger,* assault with intent to kill and armed robbery each contain an element the other does not, merger cannot occur. In *Taylor,* we held that assault with intent to kill does not merge with armed robbery under the *Blockburger* test because assault with intent to kill requires proof of the element of intent to kill not found in armed robbery. *Taylor, supra,* 508 A.2d at 100. Apparently, under the government's rationale, because the armed robbery and the shooting in *Taylor* were separate acts, if the jury had found the defendant guilty of assault with a dangerous weapon and not assault with intent to kill, merger would still have been precluded. We do not believe that the doctrine of merger is subject to such procrustean measures and our opinion in *Taylor* belies such tactics. *Taylor* presumed a single transaction[7] and turned on the "nature of appellant's acts, not whether they were chronologically distinct." *Id.* Where, as here, the charge of assault with intent to kill has been reduced to the lesser-included offense of assault with a dangerous weapon, under *Taylor,* it merges with armed robbery.

Finally, we reject the government's argument that our decision in *Floyd v. United States,* 538 A.2d 248 (D.C.1988), is dispositive of the instant case. Granted that the facts in *Floyd* are similar to those of the case at bar[8] and that both arise from a single transaction,[9] there is a basic distin-

guishing factor which compels a different result. In *Floyd,* the conviction (obtained through a plea bargain) was for robbery. The court held that an assault with a dangerous weapon required proof of the use of a weapon which was unnecessary to meet the "force or violence" or "putting in fear" element of robbery. *Id.* at 250. In the instant case, the conviction is for *armed* robbery. The use of a dangerous weapon is a required element of armed robbery. Thus, assault with a dangerous weapon merges with armed robbery and *Floyd* is inapplicable.

We affirm appellant's conviction for armed robbery. The convictions of assault with a dangerous weapon and theft are vacated. The two convictions of burglary are remanded with instructions to vacate one and for resentencing on the other.

*So ordered.*

---

**7.** *See Floyd v. United,* 538 A.2d 248, 250 (D.C. 1988) (citing *Taylor* for the proposition that convictions for armed robbery and assault with intent to kill while armed arising from a single transaction *do not merge*).

**8.** In *Floyd,* appellant assaulted the victim, beating, punching, and kicking him and finally knocking him unconscious by hitting him over the head with a beer bottle, then robbing him. *Floyd, supra,* 538 A.2d at 249. Applying *Block-*

*burger, Floyd* held that *robbery* and assault with a dangerous weapon are not the same offense for double jeopardy purposes because each requires proof of a fact the other does not. *Id.*

**9.** *See Floyd v. United States, supra,* 538 A.2d at 249 n. 2 (stating "[w]e assume for present purposes that we are dealing with a single transaction, rather than distinct events").