**Robert R. JOINER–DIE, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 04–CM–1520.

District of Columbia Court of Appeals.

Submitted March 21, 2006.
Decided May 25, 2006.

Patrick T. Hand, Washington, DC, appointed by the court, was on the brief for appellant.

Kenneth L. Wainstein, United States Attorney, with whom John R. Fisher, Assistant United States Attorney at the time the brief was filed, and Thomas J. Tourish, Jr., Robert Leidenheimer, and Sharon A. Sprague, Assistant United States Attorneys, were on the brief for appellee.

Before WASHINGTON, Chief Judge, GLICKMAN, Associate Judge, and KERN, Senior Judge.

WASHINGTON, Chief Judge:

On appeal, appellant Robert R. Joiner–Die raises three claims that he believes warrant reversal of his convictions for attempted threats to do bodily harm and intent-to-frighten assault: (1) there was insufficient evidence to sustain his two convictions; (2) the trial court improperly curtailed appellant's cross-examination of a government witness as to whether he possessed a firearm at the time of arrest; and (3) there was insufficient evidence to establish the trial court's territorial jurisdiction. In addition to the previous claims, appellant contends that his convictions for attempted threats and assault merge. Of the four issues raised, only the question of merger warrants extensive discussion. We affirm.

## I.

■■■ The trial court found appellant guilty of attempted threats to do bodily harm and intent-to-frighten assault based primarily on the testimony of the complainant, a metropolitan police officer. The standard of review for challenges to the sufficiency of the evidence is well established. In reviewing such claims, the court views the evidence in the light most favorable to the government and a conviction will be overturned only where there has been no evidence produced from which guilt can reasonably be inferred. *See Mihas v. United States,* 618 A.2d 197, 200 (D.C.1992). In a bench trial, the judge, as fact finder, has the right to make credibility determinations, weigh the evidence, and draw reasonable inferences of fact. *Nowlin v. United States,* 782 A.2d 288, 291 (D.C.2001). In reviewing a bench trial, this court "will not reverse a conviction for insufficient evidence unless appellant establishes that the trial court's factual findings were 'plainly wrong' or 'without evidence to support [them]'" *Cannon v. United States,* 838 A.2d 293, 296–97 (D.C. 2003).

■■■ To prove threats to do bodily harm, the government must prove: (1) the defendant uttered words to another person; (2) that the words were of such a nature as to convey fear of bodily harm or injury to the ordinary hearer; and (3) that the defendant intended to utter the words which constituted the threat. *Evans v. United States,* 779 A.2d 891, 894 (D.C. 2001) (citing *Campbell v. United States,* 450 A.2d 428, 431 n. 5 (D.C.1982)); *see also* D.C.Code § 22–407 (2001).[1]

---

1. The fact that appellant was charged with attempted threats to do bodily harm is of no consequence. "To prove an attempt, the government is not required to prove more than 'an overt act done with the intent to commit a crime, ... which, except for some interference, would have resulted in the commission of the crime.'" *Evans,* 779 A.2d at 894 (quot-

■ To establish intent-to-frighten assault, the government must prove: (1) that the defendant committed a threatening act that reasonably would create in another person a fear of immediate injury; (2) that, when he/she committed the act, the defendant had the apparent present ability to injure that person; and (3) that the defendant committed the act voluntarily, on purpose, and not by accident or mistake. D.C.Code § 22–404; *see also Frye v. United States,* Nos. 02–CF–1233, 03–CO–430 & 03–CO–1492, —— A.2d ——, ——, 2005 WL 2665432 (D.C. Oct. 14, 2005).

Viewing the evidence (which included the eye witness testimony of the police officer who was the target of the threat and assault) in the light most favorable to the government, we are satisfied that the government presented sufficient proof to support both convictions. Specifically, Officer Gaines testified that after he asked appellant to move his vehicle from an area in front of the night club, appellant exited his vehicle, with an angry look on his face, reached into his front jacket pocket and stated "I'm going to bust your ass," or "I'm going to bust your mother f[*]cking ass." It is of no moment that Officer Gaines did not see a weapon on appellant, or that no weapon was found on appellant. Such a sequence of events by an individual, armed or not, could lead a reasonable person to believe he was in imminent danger of bodily harm. Furthermore, Officer Gaines' testimony presented a sufficiently detailed account of the encounter to satisfy each and every element of both offenses.[2]

## II.

■ Appellant's argument that the trial court improperly limited his cross-examination of Officer Gaines as to whether appellant had in his possession a firearm when arrested is also without merit. A witness is competent to testify only about those matters of which he/she has personal knowledge. *Ginyard v. United States,* 816 A.2d 21, 40 (D.C.2003) (citing *Smith v. United States,* 583 A.2d 975, 983–84 (D.C.1990)). Officer Gaines testified that he was not present when appellant was arrested, handcuffed, and searched; thus establishing that he did not have any personal knowledge of whether appellant possessed a gun at the time of arrest. Therefore, the trial court did not abuse its discretion in denying appellant the right to question him further about events that occurred at the time of appellant's arrest.

## III.

■ There is no support for appellant's claim that territorial jurisdiction was not established for the Superior Court to hear the case. The jurisdiction of the Criminal Division of the Superior Court of

---

ing *Wormsley v. United States,* 526 A.2d 1373, 1375 (D.C.1987)) (alteration in original). Failure, however, is not an essential element of attempt. *Id.* " 'Every completed criminal offense necessarily includes an attempt to commit that offense.' Our decisions have repeatedly held that 'a person charged with an attempt to commit a crime may be convicted even though the evidence shows a completed offense, not merely an attempt.' " *Id.* (quoting *Ray v. United States,* 575 A.2d 1196, 1199 (D.C.1990)).

2. It is also of no moment that Officer Gaines was the only government witness to testify, even though appellant called witnesses including himself to rebut the Officer's claims. Choosing to believe Officer Gaines over appellant's witnesses was a credibility determination—a quintessential trial function—that this court will not question. *See* CRIMINAL JURY INSTRUCTIONS FOR THE DISTRICT OF COLUMBIA, No. 2.13 (4th ed. Rev. 2002) (stating that "[t]he weight of the evidence is not necessarily determined by the number of witnesses testifying for each side," and that the finder of fact may find the "testimony of a smaller number of witnesses on one side[,] more believable than the testimony of a greater number of witnesses on the other side. . . .").

the District of Columbia is limited to "criminal acts which occur within the geographical boundaries of the District of Columbia...." *United States v. Baish*, 460 A.2d 38, 40 (D.C.1983). The question of territorial jurisdiction is reviewed *de novo. Dyson v. United States*, 848 A.2d 603, 609 (D.C.2004). There is a presumption that "an offense charged was committed within the jurisdiction of the court in which the charge is filed unless the evidence affirmatively shows otherwise." *Id.* (citing *Adair v. United States*, 391 A.2d 288, 290 (D.C. 1978)). Other than asserting that Officer Gaines never specified the jurisdiction where he was on duty that night,[3] appellant has made no affirmative showing that the offense occurred outside of the District of Columbia.

## IV.

Appellant's final claim that his two convictions merge is also without merit. Although the Double Jeopardy Clause of the Fifth Amendment prohibits multiple punishments for the same offense, the Supreme Court in *Blockburger v. United States* held that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932); *see also Alfaro v. United States*, 859 A.2d 149, 155 (D.C.2004); D.C.Code § 23–112 (2001) (codifying *Blockburger*).[4] "[I]n applying this test, the court looks at the statutorily-specified elements of each offense and not the specific facts of a given case as alleged in the indictment or adduced at trial." *Byrd v. United States*, 598 A.2d 386, 389 (D.C.1991) (en banc). We review claims of merger of convictions *de novo. Id.*

Under *Blockburger*, threats to do bodily harm and intent-to-frighten assault do not merge because each offense requires a proof of an additional fact which the other does not. Threats to do bodily harm, unlike intent-to-frighten assault, specifically requires *words* to be communicated to another person. *See* D.C.Code § 22–407. Intent-to-frighten assault, on the other hand, requires threatening conduct. *See* D.C.Code § 22–404. Therefore, in order to establish threats to do bodily harm, the government must prove a fact not required for intent-to-frighten assault.

Similarly, intent-to-frighten assault specifically requires additional elements not required by threats to do bodily harm. Specifically, intent-to-frighten assault requires the defendant to possess apparent *present ability* to inflict *immediate* bodily harm, as well as a the intended victim's concurrent awareness of the assault itself. Threats to do bodily harm, however, requires neither immediacy, *see, e.g., Postell v. United States*, 282 A.2d 551 (D.C.1971) (holding that words threatening to do bodily harm that were conditioned on the occurrence, or lack thereof, of a future event does not preclude conviction for threats to do bodily harm), nor the intended victim's awareness of the communication, *see, e.g., Beard v. United States*, 535 A.2d 1373

---

3. While this assertion may be true, it does not address the fact that the charging document clearly states that both offenses occurred "[o]n or about February 27, 2004, *within the District of Columbia.*" (Emphasis added.).

4. D.C.Code § 23–112 states:
   A sentence imposed on a person for conviction of an offense shall, unless the court imposing such sentence expressly provides otherwise, run consecutively to any other sentence imposed on such person for conviction of an offense, whether or not the offense (1) arises out of another transaction, or (2) arises out of the same transaction and requires proof of a fact which the other does not.

(D.C.1988) (holding the crime of threats to do bodily harm was complete as soon as threat was communicated to third party, regardless of whether intended victim even knew of plot to injure him/her). Looking at the elements alone, as a matter of law, the two offenses require proof of a fact that the other does not. Therefore, there is no merger under *Blockburger*.

Accordingly, the judgment of the trial court is

*Affirmed.*